Curia., per Earle, J.
The question which arises upon the covenant of warranty contained in the bill of sale, is one of construction, depending on the intention of the parties; and this is to be collected from the subject matter of the sale and the terms employed. The doctrine of warranties, in the old boohs, is wrapped up in the abstruse learning of the law, and would be out of place here. Warranty, although known to the civil law, is yet a common law term; and in its original definition, “is a promise, or covenant by deed, made by the bargainor for himself and his heirs, to warrant and secure the bargainee and his heirs, against all men, for enjoying the thing granted.” — Jac. Law Die., who cites Bract Lib. 2, 5. And so in Termes de la Ley, “guaranty is where one is bound to another, who hath the land, to warrant the same to him, which may be by two ways, that is by act of the law, &c., or by deed of the party who grants by deed, or fine, to warrant it to him.” From this it would seem, that warranty, when used in a deed conveying lands, without moi'e, refers to title; and that he who covenants that he will warrant and defend the premises to the bargainee, covenants that the bargainee shall enjoy the thing granted. It is a covenant to warrant and defend the title, and not that the land is of a particular description, value, or quality. Even after the execution of a deed, containing such a warranty of title, a purchaser may, on proof of parol representations made at and before the sale, concerning the description of, quantity or quality, have his remedy if the land do not correspond. On the sale of personal chattels, neither deed nor other writing is necessary. — . The title passes on delivery; and in regard to warranty the rule is different. If a purchaser of land accept a deed, conveying the *439 same without covenant of warranty, none is implied by law, even as to title. In regard to chattels, on every sale, the law implies a warranty of title, the vendor being in possession, and making delivery. In such case at common law, there was no implied warranty of soundness. Here it is otherwise-; but the warranty of soundness is implied only on payment of'a full and fair price. The parties have reduced the contract to writing, and a bill of sale under seal has been executed by the defendant. The form is that of a bargain and sale of lands with an express covenant of title: “have granted, bargained, sold and released, to the said T. R., a negro man George, to have and to hold all and singular, the said negro man George; and I do hereby bind myself, my heirs, executors, administrators and assigns, to warrant and defend the said negro unto the said T. R., his heirs and assigns forever.” The covenant of warranty, being thus put in immediate connexion with the habendum of the deed, seems to point the meaning of the parties to the quiet enjoyment of the property and not to the soundness or qualities. Such I think would be the construction of the covenant, on the legal import of the terms; and such too, would be the interpretation according to the common sense and understanding of mankind. A warranty of soundness, is certainly no warranty of title; and where the terms used are such as to import clearly a warranty of title, such as in other and similar instruments are known to have that meaning, and no other, it would be extending the covenant, by intendment, beyond the apparent intention of the parties, to give it the effect of a warranty of soundness. And the plaintiff can suffer no prejudice from this interpretation, if in fact, the sale was for such price as to raise the implied warranty of soundness. It is well settled by several cases, Wells v. Spears, and Hughes v. Banks, that an express warranty of title does not exclude an implied warranty of soundness. It cannot appear from the bill of sale, w’hether the price was such as a sound negro should have sold for, as there is no description. If the price were actually reduced, the defendant ought to be allowed to show that it was so, in consequence of known or visible defects; which would be prevented by construing this to be a covenant of soundness.— *440 The court is of opinion, therefore, that there should have been judgment for the defendant on demurrer below. And the motion to reverse the judgment of the circuit court is granted.
Wardlaw & Perrin, for the motion.
Burt, contra.
Butlee and Riciiaedson, Justices, concurred. O’Neall, J., dissented.